DECISION.
{¶ 1} Defendant-appellant Robert Stone appeals his conviction for disrupting public service,[1] a fourth-degree felony. The trial court sentenced Stone to 60 days in the Hamilton County Justice Center and two years of community control. We affirm.
 {¶ 2} On August 5, 2004, Stone and an acquaintance boarded a Cincinnati Metro bus. They sat in the back of the crowded bus. Bus driver Madison Crutcher testified that, as the bus began to move, one of the men, later identified as Stone, screamed a profanity. Crutcher twice used his public-address system to warn Stone not to use profanity, but Stone continued cussing in a loud voice.
 {¶ 3} Using his mirrors to keep an eye on the two men, Crutcher saw them pass something between them. Crutcher interpreted this action as a drug deal. Crutcher testified that the passengers around the two men had looked scared. He decided to stop the bus and demand that the two men get off.
 {¶ 4} Crutcher testified that he had opened the back door of the bus and had told the men to exit through the back door. Instead, both men approached Crutcher at the front of the bus. Stone stood directly over Crutcher, screaming profanities and threatening him. Crutcher testified, "I said, the police — the camera on, the police on the way. [Stone] said, F the police, F the camera." Stone then swung and hit the panel above Crutcher's head where the camera was mounted. The other man told Crutcher he was "going to do" him.
 {¶ 5} Crutcher testified that, at that point, he feared for his life. Crutcher leaped up from his seat and pushed Stone back through and off the bus.
 {¶ 6} Police Officer William Springer testified that he had responded to the bus's emergency panic signal. When the officer arrived, Stone and the other man were gone. But while the officer questioned Crutcher and the bus passengers, Stone reappeared. Stone told Officer Springer that Crutcher had assaulted him.
 {¶ 7} The bus was stopped for at least 45 minutes, and all the passengers transferred to other buses. Officer Springer reviewed the incident on the bus's security tape and then charged Stone with disrupting public service.
 {¶ 8} Stone admitted in his testimony that he had used profanity and that he had become upset when Crutcher had ordered him off the bus. But Stone insisted that he had approached Crutcher only to apologize and to plead with him to let him remain on the bus. Stone denied that he had swung at Crutcher.
 {¶ 9} On appeal, Stone argues that his conviction was not supported by sufficient evidence, and that it was against the manifest weight of the evidence.
 {¶ 10} In criminal cases, the legal concepts of sufficiency of the evidence and weight of the evidence are distinct.[2]
A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a conviction is a question of law.[3] The relevant inquiry in a claim of insufficiency is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proved beyond a reasonable doubt.[4]
 {¶ 11} A challenge to the weight of the evidence attacks the credibility of the evidence presented.[5] When evaluating a claim that a conviction was contrary to the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[6] The discretionary power to reverse should be invoked only in exceptional cases, "where the evidence weighs heavily against the conviction."[7]
 {¶ 12} To prove that Stone had disrupted public service, the state had to show that Stone had purposely interrupted or impaired public transportation. The state presented evidence that Stone had been loud and disruptive on the bus. The evidence showed that when Crutcher asked him to get off the bus, Stone instead approached the bus driver, threatened him, and swung at him. As a result of Stone's conduct, bus service was delayed at least 45 minutes, and the other passengers transferred to other buses.
 {¶ 13} We conclude that any rational factfinder, viewing the evidence in a light most favorable to the state, could have found beyond a reasonable doubt that Stone had disrupted public service. Though Stone offered a different version of the incident, we also conclude that the jury did not lose its way, and that Stone's conviction was not against the manifest weight of the evidence.
 {¶ 14} Therefore, we overrule Stone's two assignments of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Hendon, J., concur.
[1] R.C. 2909.04(A)(2).
[2] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.
[3] Id.
[4] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[5] See State v. Thompkins, supra, at 387.
[6] See id.; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[7] See State v. Martin, supra.